UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRETT WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>BUBBLY BRANDS, LLC et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:20-cv-03348-JPB |

# ORDER

This matter is before the Court on Plaintiff Brett Walker's ("Walker") Motion for Alternate or Substituted Method of Service ("Motion"). ECF No. 30. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I.     BACKGROUND

Walker, proceeding *pro se*, filed this action to enforce the consumer privacy provisions of the Telephone Consumer Protection Act. He alleges that numerous individuals and entities inappropriately directed automated telemarketing SMS messages to his telephone number, which was listed on the National Do Not Call Registry.

In the instant Motion, Walker asks the Court to permit service on the following defendants by email and courier because they cannot be served personally: Nick Urbani, Bubbly Brands, LLC, Debbie Tomlinson, Patriot Wholesale Club, Pure Leaf Origins, RLZ Male Performance and Gear Club, LLC (collectively "Defendants"). In support of the Motion, Walker offers process server affidavits describing failed attempts to serve Nick Urbani and Bubbly Brands, LLC in Florida, Debbie Tomlinson in Nevada and Patriot Wholesale Club in Colorado. Walker further explains that Defendants Patriot Wholesale Club, Pure Leaf Origins, RLZ Male Performance and Gear Club, LLC have "concealed" their addresses, and he therefore has been unable to find service addresses for them despite searching "a dozen state business registries."

II.     **ANALYSIS**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950). Failure to give proper notice violates "the most rudimentary demands of due process of law." *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965).

**Federal Service of Process Rules**

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by following "state law for serving a summons . . . in the state where the district court is located or where service is made." Alternatively, an individual found within a judicial district of the United States may be served by: (1) delivering the summons and complaint to the individual personally; (2) leaving these items at the individual's home with someone of suitable age and discretion who resides there; or (3) delivering them to an agent authorized to receive service. *See* Fed. R. Civ. P. 4(e)(2).

Service is proper on an entity within the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual" or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[1] Fed. R. Civ. P. 4(h)(1).

Rule 4(f)(3) permits service on individuals *outside* the United States "by other means not prohibited by international agreement, as the court orders." Under this rule, some courts have permitted service of process by email in certain

---

[1] Any defendant may execute an acknowledgment waiving personal service of process. *See* Fed. R. Civ. P. 4(d).

circumstances. *See, e.g., U.S. Commodity Futures Trading Comm'n v. Rubio*, No. 12-CV-22129, 2012 WL 3614360, at *3 (S.D. Fla. Aug. 21, 2012) (permitting email service on an individual evading service outside the United States).

Here, because Walker does not allege that Defendants are located in a foreign country, he cannot rely on Rule 4(f)(3) to serve them by email or courier. Nor does any other federal rule provide for such service.

**Georgia Service of Process Rules**[2]

With limited exceptions, Georgia law requires personal service of process unless the defendant executes a waiver. *See* O.C.G.A. § 9-11-4. "Georgia law has no provision for service by mail." *Madden v. Cleland*, 105 F.R.D. 520, 523 (N.D. Ga. 1985). Nor is there a provision for service by email or courier. *See* O.C.G.A. § 9-11-4. Accordingly, Walker's proposed methods of service are not permitted under Georgia law.

---

[2] Georgia service of process rules are pertinent here because this Court sits in the state. *See* Fed. R. Civ. P. 4(e)(1).

**Nevada Service of Process Rules**[3]

Under Nevada Rule of Civil Procedure 4.2, service is proper generally in the same manner as under the federal rules.  Nevada law also provides for service by alternate means at the discretion of the court.  Among other things, however, the movant must explain why the proposed alternate method of service "comports with due process."  Nev. R. Civ. P. 4.4(b)(1), (b)(2)(B).

In this case, Walker has not shown that his proposed methods of service would comport with due process.  Thus, he has not satisfied the specific requirements under the Nevada statute that could authorize such methods of service.  Walker is therefore not permitted to serve the Nevada defendants by email or courier.

**Florida Service of Process Rules**

Under Florida law, service of process may be accomplished by delivery:  (1) to the defendant; (2) at the defendant's "usual place of abode" to any person residing therein who is fifteen years of age or older; or (3) to employees in a private area designated by the employer.  Fla. Stat. § 48.031.  *See also Anthony v.*

---

[3] Nevada and Florida service of process rules are pertinent here because Walker attempted service on defendants in those states.  *See* Fed. R. Civ. P. 4(e)(1).  Even though service was attempted in Colorado on Patriot Wholesale Club, the Court does not address Colorado service of process rules here because Walker seeks to serve its alleged manager, Defendant Debbie Tomlinson, in Nevada.

*Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla Dist. Ct. App. 2005). The Florida rules do not provide a mechanism for service of process by email or courier. *See* Fla. Stat. § 48.011 *et seq*. Walker therefore may not serve the respective defendants by email or courier under Florida law.

Based on the foregoing analysis, Walker's Motion (ECF No. 30) is **DENIED**.

**SO ORDERED** this 2nd day of August, 2021.

_____
J. P. BOULEE
United States District Judge